

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

_____

402 East State Street          (609) 989-2020
Trenton, NJ 08608

RJG/PL/AGR
2011R00273

October 22, 2013

Edward Dauber, Esq.
Greenberg Dauber Epstein & Tucker
One Gateway Center
Newark, NJ  07102

            Re:  Plea Agreement with David Wax   14-251-01 (FLW)

Dear Mr. Dauber:

          This letter sets forth the plea agreement between your
client, David Wax, and the United States Attorney for the
District of New Jersey ("this Office"). The government's offer
to enter into this plea agreement will expire on November 22,
2013, if it is not accepted in writing by that date.

Charge

          Conditioned on the understandings specified below,
this Office will accept a guilty plea from David Wax to a one-
count Information that charges that David Wax conspired to
kidnap in violation of 18 U.S.C. § 1201(c). If David Wax enters
a guilty plea and is sentenced on this charge, and otherwise
fully complies with all of the terms of this agreement, this
Office will not initiate any further criminal charges against
David Wax for engaging in a conspiracy to kidnap in or about
October 2010. However, in the event that a guilty plea in this
matter is not entered for any reason or the judgment of
conviction entered as a result of this guilty plea does not
remain in full force and effect, David Wax agrees that any
dismissed charges and any other charges that are not time-barred
by the applicable statute of limitations on the date this
agreement is signed by David Wax may be commenced against him,
notwithstanding the expiration of the limitations period after
David Wax signs the agreement.

Sentencing

        The violation of 18 U.S.C. § 1201(c) to which David
Wax agrees to plead guilty carries a statutory maximum prison
sentence of life, and a statutory maximum fine equal to the
greatest of:  (1) $250,000, or (2) twice the gross amount of any
pecuniary gain that any persons derived from the offense, or
(3) twice the gross amount of any pecuniary loss sustained by
any victims of the offense.  Fines imposed by the sentencing
judge may be subject to the payment of interest.

        The sentence to be imposed upon David Wax is within
the sole discretion of the sentencing judge, subject to the
provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742,
and the sentencing judge's consideration of the United States
Sentencing Guidelines.  The United States Sentencing Guidelines
are advisory, not mandatory.  The sentencing judge may impose
any reasonable sentence up to and including the statutory
maximum term of imprisonment and the maximum statutory fine.
This Office cannot and does not make any representation or
promise as to what guideline range may be found by the
sentencing judge, or as to what sentence David Wax ultimately
will receive.

        Further, in addition to imposing any other penalty on
David Wax, the sentencing judge:  (1) will order David Wax to
pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which
assessment must be paid by the date of sentencing; (2) must
order David Wax to pay restitution pursuant to 18 U.S.C.
§ 3663A; (3) must order forfeiture pursuant to 18 U.S.C.
§ 981(a)(1)(C) and 28 U.S.C. § 2461; and (4) pursuant to 18
U.S.C. § 3583, may require David Wax to serve a term of
supervised release of not more than 5 years, which will begin at
the expiration of any term of imprisonment imposed.  Should
David Wax be placed on a term of supervised release and
subsequently violate any of the conditions of supervised release
before the expiration of its term, David Wax may be sentenced to
not more than 5 years' imprisonment in addition to any prison
term previously imposed, regardless of the statutory maximum
term of imprisonment set forth above and without credit for time
previously served on post-release supervision, and may be
sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on David Wax by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.   In addition, this Office may inform the sentencing judge and the United States Probation Office of:   (1) this agreement; and (2) the full nature and extent of David Wax's activities and relevant conduct with respect to this case.

## Stipulations

This Office and David Wax agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.   This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.   To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.   Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.   Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.   A determination that any stipulation is not binding shall not release either this Office or David Wax from any other portion of this agreement, including any other stipulation.   If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.   These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

     As set forth in Schedule A, this Office and David Wax
waive certain rights to file an appeal, collateral attack, writ,
or motion after sentencing, including but not limited to an
appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C.
§ 2255.

Forfeiture

     David Wax agrees that as part of his acceptance of
responsibility and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28
U.S.C. § 2461, he will forfeit to the United States the property
described below (the "Forfeitable Property").

     David Wax agrees to pay $100,000 on or before the date
he enters his plea of guilty pursuant to this agreement.  That
payment will be made by certified or bank check made payable to
the United States Marshals Service, with the criminal docket
number noted on the face of the check.  David Wax will cause
that check to be hand-delivered to the Asset Forfeiture and
Money Laundering Unit, United States Attorney's Office, District
of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

     David Wax acknowledges that the Forfeitable Property
is subject to forfeiture as property, real or personal, that
constitutes or is derived from proceeds traceable to a violation
of 18 U.S.C. § 1201, which constitutes a specified unlawful
activity within the meaning of 18 U.S.C. § 981(a)(1)(C), or a
conspiracy to commit such offense.

     David Wax agrees to waive all interest in the
Forfeitable Property in any administrative or judicial
forfeiture proceeding, whether criminal or civil, state or
federal.  David Wax agrees to consent to the entry of orders of
forfeiture for the Forfeitable Property and waives the
requirements of Rules 32.2 and 43(a) of the Federal Rules of
Criminal Procedure regarding notice of the forfeiture in the
charging instrument, announcement of the forfeiture at
sentencing, and incorporation of the forfeiture in the judgment.
David Wax understands that the forfeiture of the Forfeitable
Property is part of the sentence that may be imposed in this
case and waives any failure by the court to advise him of this
pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal
Procedure at the guilty plea proceeding.  Furthermore, David Wax

- 4 -

waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

David Wax understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. David Wax understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. David Wax wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. David Wax understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, David Wax waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against David Wax. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service) or any third party from initiating or prosecuting any civil or administrative proceeding against David Wax.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between David Wax and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By:  R. JOSEPH GRIBKO
Assistant U.S. Attorney

APPROVED:

NELSON S.T. THAYER, JR.
Deputy U.S. Attorney

- 6 -

I have received this letter from my attorney, Edward Dauber, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 3|25|14
David Wax


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 3/25/14
Edward Dauber, Esq.

- 7 -

Plea Agreement With David Wax

Schedule A

1.  This Office and David Wax recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and David Wax nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence David Wax within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and David Wax further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2.  The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case.  The applicable guideline is U.S.S.G. § 2A4.1.

3.  This guideline carries a Base Offense Level of 32.

4.  No specific offense characteristics apply.

5.  The victim was physically restrained in the course of the offense.  However, pursuant to U.S.S.G. § 3A1.3, App. Note 2, the two-point enhancement under U.S.S.G. § 3A1.3 does not apply as the offense guideline specifically incorporates this factor.

6.  The parties do not agree as to the applicability of U.S.S.G. § 3B1.3, and both sides reserve the right to argue their respective positions at sentencing.  The government's position is that David Wax abused a position of trust in a manner that significantly facilitated the commission of the offense, which would increase the offense level by 2 levels pursuant to U.S.S.G. § 3B1.3, and David Wax's position is that he did not abuse a position of trust pursuant to U.S.S.G. § 3B1.3.

7. As of the date of this letter, David Wax has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged.  Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if David Wax's acceptance of responsibility continues through the date of sentencing.  See U.S.S.G. § 3E1.1(a).

- 8 -

8. As of the date of this letter, David Wax has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in David Wax's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) David Wax enters a plea pursuant to this agreement, (b) this Office in its discretion determines that David Wax's acceptance of responsibility has continued through the date of sentencing and David Wax therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) David Wax's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to David Wax is either 29 or 31, depending on the applicability U.S.S.G. § 3B1.3. (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure or adjustment not specifically set forth herein. However, the parties agree that either party may move for an upward or downward variance in accordance with the holding of *United States v. Booker*, 543 U.S. 220 (2005), and in so doing may argue that any sentence within the statutory range is reasonable pursuant to the provisions of 18 U.S.C. § 3553(a).

11. David Wax knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 29. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 31. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to

- 9 -

herein.   Furthermore, if the sentencing court accepts a
stipulation, both parties waive the right to file an appeal,
collateral attack, writ, or motion claiming that the sentencing
court erred in doing so.

        12.  Both parties reserve the right to oppose or move
to dismiss any appeal, collateral attack, writ, or motion barred
by the preceding paragraph and to file or to oppose any appeal,
collateral attack, writ or motion not barred by the preceding
paragraph.